**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SUSAN YEUNG, | DOCKET NUMBER |
|        Appellant, | AT-0752-19-0654-I-1 |
|     v. | |
| DEPARTMENT OF HOMELAND | DATE: April 26, 2023 |
|   SECURITY, | |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Susan Yeung, Debary, Florida, pro se.

Katie A. Chillemi, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her reduction-in-pay appeal for lack of jurisdiction. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REVERSE the appellant's reduction in pay.

**BACKGROUD**

¶2    The appellant was a GS-13, step 2 Program Analyst for the National Aeronautics and Space Administration's Kennedy Space Center, with a salary of $90,598.  Initial Appeal File (IAF), Tab 4 at 51.  The appellant applied for a GS-11 Auditor position with the Department of Homeland Security, the respondent agency in this appeal.  *Id.* at 40, 47.  The full promotion potential for the position was GS-13.  *Id.* at 47.  The agency selected the appellant off of a certificate, and on April 30, 2018, it extended her a tentative job offer at GS-11, step 10.  *Id.* at 39.  The appellant accepted, and on July 8, 2018, she transferred to the GS-11, step 10 Auditor position, with a salary of $79,586.  *Id.* at 35-38.  Effective January 9, 2019, the appellant's salary was adjusted upwards to $80,912, pursuant to government-wide salary increases under Executive Order No. 13,866, 84 Fed. Reg. 12853 (Mar. 28, 2019).  *Id.* at 31.

¶3    As the appellant approached 52 weeks in her Auditor position, and under 5 C.F.R. § 300.604(a) became eligible for a career ladder advancement to GS-12, the agency began reviewing her file to determine what the appropriate step would be upon promotion.  *Id.* at 29.  The agency then determined that it had erred in transferring the appellant in as a GS-11, step 10 and should instead have transferred her in as a GS-11, step 9.  *Id.*  The agency reasoned that transferring the appellant in at step 10 had been contrary to its Policy Pay Setting Guidance, which provides that, when an employee is transferred to a position at a lower grade, her pay must be set so that her pay upon promotion will not exceed her pay prior to the transfer.  *Id.* at 16, 25, 58.  Specifically, the agency determined that, under 5 U.S.C. § 5334(b), the appellant's advancement to GS-12 would be at step 6, and her expected advancement to GS-13 the following year would have to be at step 3, which would exceed her rate of pay prior to transfer.  *Id.* at 10.  The

agency therefore retroactively adjusted the appellant's pay to reflect that she had entered on duty as a GS-11, step 9, at $77,545 per year, and it notified her that she had been overpaid $1,041.14 in salary, which the agency intended to collect through deductions to her pay. IAF, Tab 1 at 7-15. The appellant filed a Board appeal and requested a hearing, challenging the reduction in pay. IAF, Tab 1 at 2-3, 5.

¶4　　　The administrative judge issued an acknowledgment order, notifying the parties that the appellant had made a prima facie showing of Board jurisdiction under 5 U.S.C. chapter 75 by establishing that her basic pay had been reduced. IAF, Tab 2 at 2. She ordered the agency to respond to the acknowledgment order with evidence and argument showing that the reduction in pay constituted the correction of a pay-setting error. *Id.* After the agency responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 5, Initial Decision (ID). She agreed with the agency that the appellant's career ladder advancement to GS-13 from a baseline of GS-11, step 10 would place her at GS-13, step 3, in violation of 5 C.F.R. § 532.405, and accordingly, the agency had erred in transferring the appellant in at the step 10 level. ID at 3-4.

¶5　　　The appellant has filed a petition for review, disputing the administrative judge's application of the law. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4. During the pendency of the petition for review, the Office of the Clerk of the Board issued a show cause order, notifying the agency that its Policy Pay Setting Guidance may not have the force and effect of law such that the correction of a pay-setting error in violation of that guidance would be excluded from the Board's jurisdiction. PFR File, Tab 5. The order informed the agency of the applicable standard and directed it to file evidence and argument on the issue. *Id.* The agency responded. PFR File, Tab 6.

**ANALYSIS**

¶6      The Board has jurisdiction to review an appeal of a reduction in grade or pay. 5 U.S.C. §§ 7512, 7513(d). The general rule is that a reduction in an employee's rate of basic pay is appealable to the Board. *See* 5 U.S.C. §§ 7511(a)(4), 7512(4), 7513(d). However, there is an exception to this rule for cases in which an agency reduces an employee's basic pay "from a rate that is contrary to law or regulation." 5 C.F.R. § 752.401(b)(15). Such an action is not appealable to the Board. 5 C.F.R. § 752.401(b)(15); *see Hall v. Department of the Navy*, 73 M.S.P.R. 251, 254 (1997); *Warren v. Department of Transportation*, 19 M.S.P.R. 560, 565 (1984).

¶7      When an agency contends that it reduced an employee's pay to correct what it believes was an error in setting pay, then the agency bears the burden of showing that it set the employee's pay at a rate contrary to law or regulation. *Lomax v. Department of Defense*, 78 M.S.P.R. 553, 559-60 (1998). The Board has held that an employee should not be forced to prove that the agency did not make an error in setting her pay because the agency is in a much better position to know why it originally set the employee's pay as it did and what later led it to conclude that it made an error. *Vega v. U.S. Postal Service*, 108 M.S.P.R. 221, ¶ 11 (2008).

¶8      As noted above, the alleged pay-setting error in this case was detected when the agency projected the appellant's expected career ladder advancement to the full promotion potential of her position. The agency made its projection in accordance with the two-step promotion rule of 5 U.S.C. § 5334(b). That subsection provides in relevant part as follows:

> An employee who is promoted or transferred to a position in a higher grade is entitled to basic pay at the lowest rate of the higher grade which exceeds his existing rate of basic pay by not less than two step-increases of the grade from which he is promoted or transferred.

5 U.S.C. § 5334(b). We agree with the agency, and the appellant does not dispute, that under this rule the appellant's career ladder advancement would have

been from GS-11, step 10 to GS-12, step 5 and then to GS-13, step 3. IAF, Tab 4 at 11-12, 52. We also agree with the agency, and the appellant does not dispute, that the appellant's rate of pay at GS-13, step 3 would exceed her rate of pay prior to transfer from her former GS-13, step 2 position. *Id.* at 11, 51-52, 58. Therefore, based on this projected career ladder advancement, the appellant's transfer in at GS-11, step 10 was contrary to the agency's Policy Pay Setting Guidance, which provides in relevant part as follows:

> [P]ay for conversions or transfers to positions at a lower grade will be set at a step of the lower grade which, upon re-promotion, will not place the employee in a rate exceeding that previously held in the higher grade.

*Id.* at 58.

¶9 The agency argued below that the applicable provision of its Policy Pay Setting Guidance was intended to ensure compliance with 5 C.F.R. § 532.405(a)(1), which provides that, when an employee is transferred, "the agency may fix the pay at any rate of the new grade which does not exceed the employee's highest previous rate." IAF, Tab 4 at 5, 9. However, we agree with the appellant that 5 C.F.R. § 532.405(a)(1) does not apply to her because she is not a prevailing rate employee. PFR File, Tab 1 at 4-5; *see* 5 U.S.C. § 5342(a)(2); 5 C.F.R. §§ 532.101, .103. Moreover, even if 5 C.F.R. § 532.405(a)(1) did apply to the appellant, we find that it would not have prevented the agency from fixing her pay at GS-11, step 10. That regulation pertains to fixing the rate of pay "when an employee is reemployed, reassigned, transferred, promoted, or changed to a lower grade." 5 C.F.R. § 532.405(a)(1). It says nothing about an employee's pay upon repromotion.

¶10 The agency also argues that its Policy Pay Setting Guidance was intended to ensure compliance with the maximum payable rate rule of 5 C.F.R. § 531.221(a)(1)-(2). PFR File, Tab 6 at 5. This section provides a method "to determine an employee's payable rate of basic pay under the GS pay system at a rate higher than the otherwise applicable rate upon reemployment, transfer,

reassignment, promotion, demotion, [or] change in type of appointment . . . ." 5 C.F.R. § 531.221(a)(1). Again, this section says nothing about an employee's pay upon repromotion.

¶11 In response to the Board's show cause order, the agency states that it is not contending that its Policy Pay Setting Guidance in and of itself is entitled to the force and effect of law. PFR File, Tab 6 at 4. Rather, the "Pay Setting Guidance pertaining to conversion or transfer to a lower grade is a direct application of existing Federal regulations and codes contained in 5 C.F.R. § 531, Subpart B, 5 C.F.R. § 532, Subpart D and 5 U.S.C. § 5334." *Id.* However, as explained above, this is not accurate. To the extent that these provisions of law even apply to the appellant, they do nothing to limit her rate of pay upon transfer based on her expected future repromotion. These limits are found only within the agency's Policy Pay Setting Guidance, which the agency has not shown to have the force and effect of law under *Hamlet v. United State*s, 63 F.3d 1097, 1105 (Fed. Cir. 1995). Because the agency concedes that its Policy Pay Setting Guidance is not a "law or regulation" within the meaning of 5 C.F.R. § 752.401(b)(15), we find that it has failed to meet its burden to show that it reduced the appellant's pay from a rate contrary to law or regulation. Accordingly, we find that the action under appeal does not fall under 5 C.F.R. § 752.401(b)(15) and that it is a "reduction in pay" within the Board's chapter 75 jurisdiction. *See Vega*, 108 M.S.P.R. 221, ¶ 18; *see also* 5 U.S.C. §§ 7512(4), 7513(d).

¶12 It is undisputed that the agency reduced the appellant's pay without affording her prior notice and an opportunity to respond as required by 5 U.S.C. § 7513(b) and the Due Process Clause of the Fifth Amendment to the Constitution. IAF, Tab 4 at 26. Therefore, the agency violated the appellant's right to due process, and the appellant's reduction in pay must be reversed. *See Simmons v. Department of Housing and Urban Development*, 120 M.S.P.R. 489, ¶ 8 (2014); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991).

**ORDER**

¶13     We ORDER the agency to cancel the appellant's reduction in pay, restore her to the position of GS-11, step 10 Auditor effective July 8, 2018, and refund to the appellant any monies that it has collected from her pursuant to its reduction-in-pay action. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶14     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶16     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶17     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and

Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.